| STATE OF LOUISIANA | * | NO. 2024-K-0644 |
| | * | |
| VERSUS | * | |
| | | COURT OF APPEAL |
| KASHIE FERNANDEZ | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 480-784, SECTION "J"
Honorable Darryl A. Derbigny, Judge
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Jason Rogers Williams, District Attorney, Parish of Orleans
Brad Scott, Assistant District Attorney, Parish of Orleans
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR RELATOR, the State of Louisiana

Kevin V. Boshea
2955 Ridgelake Drive, Suite 207
Metarie, LA 70002

      COUNSEL FOR RESPONDENT, Kashie Fernandez

                   **WRIT GRANTED; RULING REVERSED**
                      **NOVEMBER 18, 2024**

DNA

RLB

NEK

This underlying criminal case concerns convictions for kidnapping and robbery. Relator, the State of Louisiana ("State"), seeks review of the district court's September 18, 2024 ruling, which granted the Application for Post-Conviction Relief filed by Respondent, Kashie Fernandez ("Ms. Fernandez"). For the following reasons, we grant the State's writ application and reverse the district court's ruling.

## RELEVANT PROCEDURAL HISTORY

On September 26, 2008, the State charged Ms. Fernandez with armed robbery and aggravated kidnapping. In 2009, a jury convicted Ms. Fernandez as charged of second degree kidnapping and, in response to the charge of armed robbery, returned the responsive verdict of simple robbery. The district court adjudicated Ms. Fernandez a second felony offender and sentenced her to terms of forty and seven years of imprisonment at hard labor, respectively. This Court affirmed Ms. Fernandez's convictions and sentences in *State v. Fernandez*, 2009-1727 (La. App. 4 Cir. 10/6/10), 50 So.3d 219. The Louisiana Supreme Court denied Ms. Fernandez's subsequent writ application. *State v. Fernandez*, 2010-2536 (La. 4/8/11), 61 So.3d 682.

1

In 2013, Ms. Fernandez filed a *pro se* application for post-conviction relief in which she alleged she received ineffective assistance of counsel. The district court judge who presided over Ms. Fernandez's trial denied the application. The district court judge noted that it was "not convinced that the errors alleged . . . were mistakes at all" and found that "[b]oth trial and appellate counsel rendered effective assistance" though "their efforts were unsuccessful in the face of convincing evidence of [Ms. Fernandez's] guilt."

Then, in November 2018, Ms. Fernandez filed a counseled application for post-conviction relief. The state filed procedural objections to the application on June 29, 2019, which the district court denied on July 31, 2019. Thereafter, the State sought review in this Court, which denied the State's writ application as follows:

> [The] State seeks review of the [district] court's July 31, 2019 overruling of State's procedural objections to Ms. Fernandez's application for post-conviction relief.
>
> Facially, Ms. Fernandez's application is untimely. However, Ms. Fernandez's application qualifies for the exception based on facts not known to her or her prior attorneys. *See* La. C.Cr.P. art. 930.8. Ms. Fernandez received a letter, handwritten in crayon or marker, from her former trial counsel stating that he was a "psychotic alcoholic" at the time of her trial. It is undisputed that Ms. Fernandez's former trial counsel has been in treatment for multiple psychological diagnoses in Louisiana and New York since her trial. As a result, the trial court found, "[t]hese newly discovered facts . . . warrant an exception to the two-year time limits." We agree. As the trial court stated in its well-reasoned per curiam, "the interests of justice are best served by granting the evidentiary hearing sought by" Ms. Fernandez. The writ is denied.

*State v. Fernandez*, 2019-0742 (La. App. 4 Cir 10/4/19). The State then sought review with the Louisiana Supreme Court, which granted the State's writ application in part and ordered the district court to conduct a hearing "to determine whether the [S]tate has been prejudiced in its 'ability to respond to, negate, or rebut

2

the allegations of the petition . . . by events not under the control of the [S]tate which have transpired since the date of [Ms. Fernandez's] original conviction . . . .'" *State v. Fernandez*, 2019-01743, p. 1 (La. 6/3/20), 296 So.3d 1058, 1058.

Ms. Fernandez filed another counseled application for post-conviction relief on December 21, 2022; and the State filed an opposition on the merits on May 17, 2024. Defendant then filed a motion for reconsideration of sentence on July 30, 2024, which requested "pursuant to art. 881.1 of the Code of Criminal Procedure, to reconsider the sentence imposed herein. This Motion is being made due to the excessive and harsh nature of the sentence imposed." A minute entry dated September 18, 2024 reflected that the district court granted that motion. The State noticed its intent to seek writs and timely filed its writ application with this Court.

Upon receipt of the State's writ application, this Court requested that the district court submit a *per curiam* and ordered the State to supplement its writ application with Ms. Fernandez's motion for reconsideration of sentence, which the court had apparently granted. The district court issued its *per curiam* on October 17, 2024, and the State supplemented its writ application with Ms. Fernandez's motion for reconsideration of sentence the following day. However, as set forth in the State's supplement and in the quote below, the *per curiam* reflects that the district court actually granted Ms. Fernandez's request for post-conviction relief rather than her motion for reconsideration of sentence.

In its *per curiam*, the district court explained its September 18, 2024 ruling as follows:

> The details alleged by petitioner and admitted to by [her] former counsel, Mr. Maurice Tyler, are striking. Mr. Tyler's mental illness, at least for the past twelve and a half years, is not in dispute. Mr. Tyler's mental condition has caused him to stalk a former member of the bench in the Orleans Parish Criminal Courthouse; and,

3

according to counsel for the relator, it has precluded him from participating in any evidentiary hearings which might shed further light on the question of whether Mr. Tyler was actively suffering from psychosis at the time of Ms. Fernandez's trial in 2009. The state contends that defense has not proven that Mr. Tyler was suffering from mental illness at the time he represented petitioner in 2009 and that Mr. Tyler's mental state was not known until 2012; however, given the severity of Mr. Tyler's condition then and now, as well as his written statement that he was suffering from both alcoholism and psychosis at the time he represented Ms. Fernandez, this court believes that there is an unacceptably high probability that petitioner did not receive effective assistance of counsel from Mr. Tyler. Additionally, defendant's conviction was by a non-unanimous jury, which has since been rendered unconstitutional.

Therefore, given the admission of Mr. Tyler that his representation of Mr. Fernandez was deficient, as well as the fact that Ms. Fernandez was convicted by a non-unanimous jury, this court believes that the interests of justice would be served by granting Ms. Fernandez a new trial.

## DISCUSSION

"The petitioner in an application for post-conviction relief" bears "the burden of proving that relief should be granted." La. C.Cr.P. art. 930.2. Under the standard for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Louisiana Supreme Court in *State v. Washington*, 491 So.2d 1337, 1338 (La. 1986), a reviewing court must reverse a conviction if the defendant establishes (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. As set forth in *Strickland*, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691, 104 S.Ct. at 2067. That is, "[i]t is not enough for the [petitioner] to show that the errors had some

4

conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S.Ct. at 2067. Rather, claims "alleging a deficiency in attorney performance are subject to the general requirement that the [petitioner] affirmatively prove prejudice." *Id.* "The [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

Ms. Fernandez's first counseled application for post-conviction relief was precipitated by her receipt of a barely-legible handwritten pleading filed by her former counsel, Maurice Tyler ("Mr. Tyler"), in which he stated he was "a psychotic alcoholic at the time [he represented her]. As a result, Ms. Fernandez did not receive adequate representation." As recognized by the district court in its *per curiam*, Ms. Fernandez's former defense counsel's now-compromised mental condition has certainly placed her in an unenviable conundrum as it "has precluded [Mr. Tyler] from participating in any evidentiary hearings which might shed further light on the question of whether Mr. Tyler was actively suffering from psychosis at the time of Ms. Fernandez's trial in 2009." Moreover, according to the State (and not contested by Ms. Fernandez), "[t]he trial transcript does not appear in the Criminal District Court's record maintained by the Clerk of Court."

However, in this situation, Ms. Fernandez has not satisfied her post-conviction relief burden of proof that "new evidence" concerning her attorney's mental problems rendered his performance substandard, let alone that she suffered resulting prejudice. In fact, in the 2018 post-conviction relief application based on that allegation, Ms. Fernandez's present counsel conceded that "[n]othing . . . within the Fernandez record (beyond the March 2018 correspondence), provides a

glimpse of the mental illness Maurice Tyler has suffered from." As set forth above, the district court judge who presided over Ms. Fernandez's trial evaluated her ineffective assistance of counsel claim in her *pro se* application for post-conviction relief and rejected it, finding no proof of "mistakes" in addition to noting "convincing evidence of [her] guilt." Ms. Fernandez has failed to demonstrate that her trial counsel's performance fell below professional norms, let alone that she suffered resulting prejudice.

Because Ms. Fernandez has not carried her post-conviction relief burden of proof that she received constitutionally ineffective assistance of counsel, we grant the State's writ application and reverse the district court's September 18, 2024 ruling.

## CONCLUSION

For the foregoing reasons, we grant the State's writ application and reverse the district court's September 18, 2024 ruling, which granted Ms. Fernandez's application for post-conviction relief.

**WRIT GRANTED; RULING REVERSED**

6